Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael J. Ellis
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 22, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM MARTIN SHAWL,<br><br>Defendant. | Case No. 2:21-CR-00086-WFN<br><br>Plea Agreement<br><br>Fed. R. Crim. P. 11(c)(1)(C) |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael J. Ellis, Assistant United States Attorney for the Eastern District of Washington, the Defendant, William Martin Shawl, and the Defendant's counsel, Colin G. Prince, agree to the following Plea Agreement:

1) <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant, William Martin Shawl, agrees to plead guilty to Count 2 of the Indictment filed on July 7, 2021, which charges the Defendant with Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2250(a). The Defendant understands this is a Class C Felony, which carries a maximum penalty of a term of imprisonment of not more than 10 years; a fine not to exceed $250,000; a term of supervised release of not less than five years, up to life; and a $100 special assessment.

Plea Agreement - 1

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2)  The Court is Not a Party to the Plea Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made with respect to the sentence the Court will impose. The Defendant understands that the Court must consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant understands that this is a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) and that the United States may withdraw from this Plea Agreement if the Court imposes a lesser sentence than agreed upon. The Defendant further understands that the Defendant will have the option to withdraw from this Plea Agreement if the Court imposes a sentence harsher than agreed upon.

3)  Effect on Immigration Status:

The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes may be removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to a felony, removal is presumptively mandatory if the Defendant is not a citizen of the United States. Removal and other immigration consequences are the

Plea Agreement - 2

subject of a separate proceeding, however, and the Defendant understands that while deportation and/or removal appears to be a virtual certainty if he is not a citizen of the United States, no one, including his attorney or the district court, can predict with absolute certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty if he is not a United States citizen.

4) <u>Waiver of Constitutional Rights</u>:

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a) The right to a jury trial;

b) The right to see, hear and question the witnesses;

c) The right to remain silent at trial;

d) The right to testify at trial; and

e) The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

5) <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2250(a), the United States would have to prove beyond a reasonable doubt the following elements:

*First*, between on or about February 10, 2021, and on or about June 11, 2021, in the Eastern District of Washington and elsewhere, the Defendant, William Martin

Shawl, was a person required to register under the Sex Offender Registration and Notification Act (SORNA);

*Second*, the Defendant is a sex offender by reason of a conviction under Federal law; and

*Third*, the Defendant knowingly failed to register or update a registration.

6) <u>Factual Basis and Statement of Facts</u>:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for the Defendant's guilty plea. This statement of facts does not preclude either the United States or the Defendant from presenting and arguing, for sentencing purposes, additional facts relevant to the guideline computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On or about January 21, 2005, the Defendant was convicted before the District Court for the Eastern District of Washington of abusive sexual contact with a person who is less than twelve (12) years old, in violation of 18 U.S.C. §§ 1153, 2244(a)(1), (c). The Defendant's conviction, rendering him a Tier III sex offender, mandated that the Defendant register as a sex offender for life.

Following his release from custody, the Defendant registered as a sex offender in Okanogan County, Washington on at least June 23, 2005, December 15, 2005, January 14, 2007, October 25, 2012, and November 21, 2012. These documents informed the Defendant that his responsibility to register as a sex offender was a lifetime requirement.

On or about July 12, 2013, the Defendant was convicted before the District Court for the Eastern District of Washington of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). In his Plea Agreement, the Defendant acknowledged that his prior conviction required lifetime registration as a sex offender.

Plea Agreement - 4

On or about November 14, 2018, the Defendant was convicted before the District Court for the Eastern District of Washington of escape from custody, in violation of 18 U.S.C. §§ 751(a), 4082(a). On or about February 10, 2021, in anticipation of the Defendant's release from USP Terre Haute in Indiana to the Spokane Residential Re-Entry Center in the Eastern District of Washington, the Defendant was provided a series of Greyhound bus tickets. The Defendant discontinued using the provided bus tickets in Milwaukee, Wisconsin, where the Defendant spent several days in various local hotels.

On June 11, 2021, the Defendant was contacted by local law enforcement in Omak, Washington, within the Eastern District of Washington. The woman accompanying the Defendant informed law enforcement that the Defendant had been living with her in Omak since February 2021. Per the Okanogan County Sheriff's Office, the Defendant had not registered as a sex offender in Okanogan County since 2015.

By entering a guilty plea, the Defendant admits that he knew he had a lifetime requirement to register as a sex offender by virtue of his prior Federal conviction. The Defendant further admits that at no time between traveling to the Eastern District of Washington in February 2021 and his apprehension on June 11, 2021 did the Defendant register as a sex offender.

7) <u>The United States Agrees</u>:

a) <u>Dismissal(s)</u>:

At the time of sentencing, the United States agrees to move to dismiss Count 1 of the Indictment, which charges the Defendant with Escape from Custody in violation of 18 U.S.C. §§ 751(a), 4082(a).

b) <u>Not to File Additional Charges</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of the

Plea Agreement - 5

Defendant's conduct involving illegal activity charged in this Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

8) United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing. The Defendant also understands, however, that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guideline range is advisory and that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a) and to impose a reasonable sentence.

a) Base Offense Level:

The United States and the Defendant agree that the base offense level for Failure to Register as a Sex Offender is sixteen (16), as the Defendant was required to register as a Tier III offender. *See* USSG § 2A3.5(a)(1).

b) Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; and does not commit any obstructive conduct, the United States will recommend that the Defendant receive a two (2) level downward reduction for acceptance of responsibility, pursuant to USSG § 3E1.1(a). If the Defendant's adjusted offense level is sixteen (16) or greater the United States will move for an additional one (1) level reduction if this guilty plea is entered on or before the date set for the pretrial conference. *See* USSG § 3E1.1(b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a two (2) or three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of

Plea Agreement - 6

sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

    c)    <u>Criminal History</u>:

The United States and the Defendant understand that the Defendant's criminal history computation ultimately will be determined by the Court after review of the Presentence Investigation Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

9)    <u>Incarceration</u>:

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the Defendant agree to recommend that the Defendant be sentenced to thirty-three (33) months imprisonment. The United States and the Defendant also agree to recommend that any sentence of imprisonment be imposed consecutively to the sentence imposed by the District Court for the Eastern District of Washington in Case No. 2:18-CR-00062-WFN.

10)    <u>Criminal Fine</u>:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate. Neither the United States nor the Defendant may withdraw from the Plea Agreement based on the ultimate fine imposed.

11)    <u>Supervised Release</u>:

The United States and the Defendant are free to make whatever recommendation concerning the length and conditions of supervised release that they believe is appropriate. Neither the United States nor the Defendant may withdraw from the Plea Agreement based on the ultimate term or conditions of supervised release imposed.

//

//

Plea Agreement - 7

12) **Mandatory Special Penalty Assessment:**

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

13) **Payments While Incarcerated:**

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14) **Additional Violations of Law Can Void Plea Agreement:**

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense currently unknown to the United States or if the Defendant tests positive for any controlled substance.

15) **Waiver of Right to Direct Appeal and to Collateral Attack under 28 U.S.C. § 2255:**

The Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. The Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes. The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by the Defendant and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes the sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the

conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255.

If the Defendant believes that the United States has not fulfilled its obligations under this Plea Agreement, the Defendant will object at the time of sentencing; further objections are waived.

16)   Notice of Sex Offender Registration:

The Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: the location of the Defendant's residence, the location of the Defendant's employment; and, if the Defendant is a student, the location of the Defendant's school. Registration will require that the Defendant provide information that includes name, residence address, and the names and addresses of any places at which the Defendant is or will be an employee or a student. The Defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The Defendant understands that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

17)   Integration Clause:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the

//

Plea Agreement - 9

Defendant agree that this Plea Agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____     11-22-2021
Michael J. Ellis                    Date
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the Plea Agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____     _____
William Martin Shawl                Date
Defendant

I have read the Plea Agreement and have discussed the contents of the Plea Agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to

//

//

Plea Agreement - 10

plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____    __11/22/2021__
Colin G. Prince                                         Date
Attorney for the Defendant

Plea Agreement - 11